**Eddie C. GRIFFIN, Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 78–3700
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 9, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Eddie C. Griffin, pro se.

William J. Guste, Jr., Atty. Gen., Civ. Div., New Orleans, La., Barbara A. Rutledge, Asst. Atty. Gen., New Orleans, La., Abbott J. Reeves, Asst. Dist. Atty., Gretna, La., Duncan Kemp, III, Dist. Atty., 21st Judicial Dist., Amite, La., for respondent-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

GEE, Circuit Judge:

Griffin seeks habeas relief on two related grounds from a Louisiana conviction of armed robbery. The first ground is the use for impeachment purposes at his state trial of an uncounseled misdemeanor conviction, one which did not result in his imprisonment. The second is a claimed ineffectiveness of appointed counsel for failure to object to that use. The court below denied relief, and we affirm.

Until recently, there was an acknowledged and unresolved internal conflict in our decisions regarding the validity of uncounseled convictions in which the indigent defendant could have been sentenced to imprisonment but was not.

In *Argersinger [v. Hamlin]* the Supreme Court left open the question of Gideon's application to the situation where the maximum possible sentence for a particular offense is imprisonment, but the sentence actually imposed is only a fine or a term of imprisonment that is suspended. 407 U.S. at [25] 37, 92 S.Ct. at [2006] 2012, 32 L.Ed.2d [530] at 538. In *Thomas v. Savage*, 513 F.2d 536 (5 Cir. 1975), a habeas petitioner challenged the prosecution's use of an uncounseled misdemeanor conviction in the punishment stage of his state trial for robbery by assault. The misdemeanor conviction at issue—aggravated assault—carried a possible maximum sentence of two years imprisonment and a $1000 fine. Though ultimately holding admission of the misdemeanor conviction to be harmless error, the panel in *Thomas* did answer the question left open in *Argersinger.*

> The necessity for counsel is judged by the maximum penalty the defendant *may* receive. . . . In this respect the cases of this circuit go beyond the Supreme Court's decision in *Argersinger v. Hamlin*, . . ., which would only require the appointment of counsel when a sentence of imprisonment is imposed.

513 F.2d at 537 (emphasis in original); *See Olvera v. Beto*, 429 F.2d 131 (5 Cir. 1970).

The answer provided by the "cases of this circuit" to the *Argersinger* question has not, however, always been the same. In *Cottle v. Wainwright*, 477 F.2d 269 (5 Cir. 1973), petitioner was, following his release on parole, convicted without the benefit of counsel on a charge of public drunkenness. The municipal court imposed the maximum penalty of twenty days imprisonment, but suspended the sentence. Approximately one month later, petitioner was again convicted without the assistance of a lawyer on a charge of public drunkenness, and the municipal court imposed an unsuspended sentence of twenty days. As might be expected, petitioner's parole was revoked following

the second conviction. Challenging the revocation by way of habeas corpus, petitioner contended that reliance by the parole board on his convictions for public drunkenness ran afoul of *Argersinger*. After correctly anticipating the retroactivity of *Argersinger*, both the majority of the panel, 477 F.2d at 273, and their concurring brother, 477 F.2d at 277, held that *Argersinger* applied only to the second misdemeanor conviction, for which imprisonment had actually been imposed.[2]

[2] The decision in *Cottle* was vacated by the Supreme Court on other grounds and remanded for reconsideration in light of *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). *See Cottle v. Wainwright*, 414 U.S. 895, 94 S.Ct. 221, 38 L.Ed.2d 138 (1973), *on remand*, 493 F.2d 397 (5 Cir. 1974). The holding of the original *Cottle* panel that *Argersinger* only applied to the second misdemeanor conviction stands unaffected by the subsequent procedural events.

Confronted with the choice between *Cottle* and *Thomas*, we follow the latter. *Accord Olvera v. Beto, supra; Matthews v. Florida*, 422 F.2d 1046, 1048 (5 Cir. 1970); *James v. Headley*, 410 F.2d 325, 329 (5 Cir. 1969).

*Potts v. Estelle*, 529 F.2d 450, 453–4 (5th Cir. 1976).

A similar conflict of authority existed externally, between the circuits. In *Sweeten v. Sneddon*, 463 F.2d 713 (10th Cir. 1972), for example, our brothers held that an indigent defendant could be prosecuted by the state of Utah for a misdemeanor without appointed counsel but could not, if convicted, be sentenced to imprisonment. Our *Potts* decision, holding such convictions could not be used for impeachment purposes at subsequent trials, was—at least in principle—to the contrary.

The Supreme Court has now laid these matters to rest. Its recent opinion in *Scott v. State of Illinois*, —— U.S. ——, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), notes specifically that certiorari was granted there to resolve these conflicts. A footnote cites *Potts* and *Sweeten, supra*, as examples of them, as well as conflicting state decisions from Wisconsin and Florida. Construing some-

what unclear language in its seminal opinion in *Argersinger*,[1] the Court affirmed Scott's conviction and fine for shoplifting although the state furnished him no counsel and a jail sentence could have been imposed.

The Court's opinion is short, broad, and grounded in basic principles. It displays no disposition to distinguish between possible effects, uses or consequences of such convictions. The authorities it cites as being in conflict are quite disparate, factually. Logically, if a conviction is valid for purposes of imposing its own pains and penalties—the "worst" case—it is valid for all purposes. It follows that Griffin's was valid here to impeach his testimony. It follows also that Griffin's appointed counsel was not ineffective for "allowing" its use for that purpose.

AFFIRMED.

---

1. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).