**George Edward WILSON,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 79–3439
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A.

Sept. 15, 1980.

Rehearing Denied Oct. 9, 1980.

Erik S. Goodman, Sugar Land, Tex., for petitioner-appellant.

Charles A. Sharman, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellant, George Edward Wilson, presently serving a life sentence for the crime of murder with malice, appeals from the District Court's denial of his writ of habeas corpus. Wilson contends that evidence of two prior misdemeanor convictions, in which he did not have the assistance of counsel, was improperly admitted at the punishment stage of his state court trial and improperly influenced the jury in assessing punishment. We find this contention without merit and affirm.

Wilson was tried before a jury in Criminal District Court, No. 4, Dallas County, Texas, and convicted of the offense of murder with malice on July 8, 1968. At the punishment phase of the trial the state introduced, without objection, Wilson's three prior convictions: felony theft, and misdemeanors for carrying a pistol and shoplifting. The two misdemeanor convictions were without benefit of counsel. Wilson received a three day sentence and fine for shoplifting, and only a fine for carrying a pistol. The jury assessed a life sentence. The Texas Court of Criminal Appeals affirmed the conviction and punishment on November 2, 1971. *Wilson v. State*, 473 S.W.2d 532 (Tex.Cr.App.1971). The present application for writ of habeas corpus was filed in the United States District Court for the Northern District of Texas (Dallas Division) on July 27, 1978. The District Court denied the application on September 18, 1979, in an Order and Judgment adopting the Findings, Conclusions and Recommendation of the United States Magistrate. This appeal followed.

Wilson is no stranger to the habeas process nor to this Court. Wilson has previously filed seven state and two federal habeas applications, all of which have been either dismissed or denied. This Court affirmed the District Court's denial of Wilson's first federal habeas application. *Wilson v. Estelle*, 504 F.2d 562 (5th Cir. 1974). This Court dismissed Wilson's appeal from the District Court's dismissal of his second federal habeas application for failure to exhaust state remedies. *Wilson v. Estelle*, No. 77–2625 (Jan. 23, 1978). In this his third federal habeas application, Wilson argues that the admission in evidence at the punishment stage of his trial of the two misdemeanor convictions in which he did not have the benefit of counsel denied his due process right to a fair trial. He contends first, that the admission of the evidence was improper, and second, that the evidence influenced the jury resulting in an increased sentence.

We find *no error in the admission* of the evidence as to Wilson's prior misdemeanor conviction for carrying a pistol. For this conviction Wilson was not imprisoned. It is well settled that the Sixth and Fourteenth Amendments do not require the state to afford counsel to an indigent criminal defendant in those misdemeanor cases in which the offender is not imprisoned. *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162–1163, 59 L.Ed.2d 383, 388–389 (1979). Furthermore, this court in *Griffin v. Blackburn*, 594 F.2d 1044 (5th Cir. 1979) held that evidence of prior uncounseled misdemeanor convictions for which imprisonment was not imposed may be used for impeachment purposes and opened the door for other uses of such evidence as well:

> Logically, if a conviction is valid for purposes of imposing its own pains and penalties—the "worst" case—it is valid for all purposes.

594 F.2d at 1046.[1] We see no compelling reason for placing a special exclusion on the introduction of such evidence at the punishment stage of a trial.

There may be some merit, however, to Wilson's contention that, at least with respect to the shoplifting misdemeanor, for which he received a three day prison sentence, he was entitled to the assistance of counsel under *Scott* and that, therefore, the admission of such evidence at the punishment stage of his trial was error. How-

---

1. But cf. *Baldasar v. Illinois*, —— U.S. ——, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), holding that a prior uncounseled misdemeanor conviction may not used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term.

ever, upon a careful review of the record, we are convinced that such error, if any, was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710–711 (1967); *Swanson v. Estelle,* 523 F.2d 1250 (5th Cir. 1975); *Thomas v. Savage,* 513 F.2d 536, 539 (5th Cir. 1975). In light of the evidence that the victim was stabbed 18 times, that a witness heard his cries for help, and that Wilson admitted the crime and that the victim was not armed, it is clear that admission of the evidence concerning the uncounseled shoplifting conviction had a minimal, if any, impact on the jury in assessing punishment.

AFFIRMED.