**James R. COLSON, Plaintiff, Appellee,**

v.

**Martin JOYCE, Sheriff of Cumberland County, et al., Defendants, Appellants.**

No. 86–2006.

United States Court of Appeals,
First Circuit.

Argued March 2, 1987.

Decided April 17, 1987.

James A. McKenna, Asst. Atty. Gen., with whom James E. Tierney, Atty. Gen., Augusta, Me., was on brief, for defendants, appellants.

Stanley Greenberg, Portland, Me., for plaintiff, appellee.

Before CAMPBELL, Chief Judge, BOWNES and SELYA, Circuit Judges.

PER CURIAM.

This is an appeal by the State of Maine from the grant of a petition for habeas

---

**30**

corpus by the district court. The case involves the application of a Maine criminal statute, Me.Rev.Stat.Ann. tit. 17–A, § 1304, which provides in pertinent part:

§ **1304. Default in payment of fines**

1. When a convicted person sentenced to pay a fine defaults in the payment thereof or of any installment, the court, upon the motion of the official to whom the money is payable, as provided in section 1303, or upon its own motion, may require him to show cause why he should not be sentenced to be imprisoned for nonpayment and may issue a summons or a warrant of arrest for his appearance. Unless such person shows that his default was not attributable to a wilful refusal to obey the order of the court or to a failure on his part to make a good faith effort to obtain the funds required for the payment, the court shall find that his default was unexcused and may order him imprisoned until the fine or a specified part thereof is paid.

Petitioner was arrested and brought before the Ninth District Court, Division of Southern Cumberland, to show cause why he should not be committed for failure to pay a $350 fine previously assessed against him by the court after he pled guilty to driving while his license or registration was revoked. Petitioner was not represented by counsel at the show cause hearing, nor was he advised that he had a right to be represented by an attorney and that, if he was indigent, the court would appoint an attorney for him. At the close of the hearing, petitioner was ordered committed to the Cumberland County Jail for thirty-five days to serve out his $350 fine at the rate of $10 per day. The petitioner was released on personal recognizance bail within a few days of his commitment, and has been at liberty since that time while pursuing his challenge to the state procedure through first the state, and then the federal, courts.

The district court found, in a comprehensive and well-reasoned opinion, that petitioner had been unconstitutionally deprived of his sixth amendment right to counsel.

*Colson v. Joyce,* 646 F.Supp. 102 (D.Me. 1986).

We affirm substantially for the reasons set out in the opinion of the district court.

Petitioner is to be released from confinement or bail unless the state shall within sixty (60) days hereof grant petitioner another show cause hearing prior to which he is advised of his right to counsel and that, if he is indigent, counsel will be appointed for him.

*Affirmed. So Ordered.*

Costs awarded to petitioner.