**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles L. ECKFORD,**
**Defendant–Appellant.**

**No. 89–4862.**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1990.

Rehearing and Rehearing En Banc Denied
Sept. 20, 1990.

months. After Eckford received the maximum forty-one month sentence, he appealed. Because this Court is bound by prior Circuit precedent, we affirm the sentence imposed by the district court.

## I. FACTS AND PROCEDURAL HISTORY

On January 11, 1988, appellant Charles L. Eckford entered the Blue Mountain Branch of the First National Bank of New Albany, Mississippi. Wearing a homemade mask and concealing a loaded shotgun under his clothing, Eckford attempted to rob the bank of an undisclosed amount of cash. Eckford's attempt, however, was unsuccessful. He was taken into custody and indicted for the attempted robbery of a federally insured bank and the unlawful possession of a firearm during the attempt.

Pursuant to a plea agreement, the Government dropped the firearm charge and Eckford entered a guilty plea to the charge of attempted bank robbery.[1] The United States Probation Office began an investigation of Eckford's criminal history, which it recorded in Eckford's presentence report. The report, to which Eckford strenuously objected, detailed two municipal court misdemeanor convictions that Eckford received in the mid–1980s. One of these convictions represented the violation of a Mississippi Code provision proscribing the operation of a motor vehicle while under the influence of intoxicating liquor.[2] The other conviction represented the violation of a Mississippi Code shoplifting prohibition.[3] On the basis of these misdemeanor convictions, the presentence report recommended a total of two criminal history points, which increased Eckford's criminal history category to Level II under the Federal Sentencing Guidelines.[4]

Eckford complained that the presentence report improperly considered these prior

Falton O. Mason, Jr., Oxford, Miss. (Court-appointed), for defendant-appellant.

John R. Hailman, Asst. U.S. Atty., Robert Q. Whitwell, U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before THORNBERRY, JOHNSON and SMITH, Circuit Judges.

JOHNSON, Circuit Judge:

Appellant Charles L. Eckford ("Eckford") entered a plea of guilty to a charge of attempted bank robbery. In computing Eckford's sentence under the Sentencing Guidelines, the district court considered two prior municipal court misdemeanor convictions. In both situations, relevant penal code provisions authorized a maximum penalty of not more than six months' imprisonment. Eckford pleaded guilty to the misdemeanor charges without the assistance of counsel, but was not incarcerated. Nonetheless, the district court's application of these misdemeanor convictions increased Eckford's maximum potential sentence for the subsequent attempted robbery from thirty-seven months to forty-one

1. The relevant provision under which Eckford entered his guilty plea is 18 U.S.C. § 2113(a) (1982) (bank robbery and incidental crimes).

2. Miss.Code Ann. § 63–11–30 (1989).

3. Miss.Code Ann. § 97–23–45 (1989).

4. Each prior misdemeanor conviction that carries a fine or a term of imprisonment of less than 60 days counts as a single criminal history point. Sentencing Guideline § 4A1.1(c). Zero or one criminal history point places a defendant in criminal history category I, while two or three criminal history points places a defendant in criminal history category II.

misdemeanor convictions. On both the driving under intoxication charge and the shoplifting charge, Eckford was not afforded counsel and did not knowingly waive the right to counsel. Although the Mississippi Code provisions on these offenses permit up to—but not more than—six months' imprisonment, the municipal judge only required Eckford to pay minimal fines. While conceding the validity of these uncounseled misdemeanor convictions, Eckford argued that the convictions could not be used to support sentence enhancement under the Sentencing Guidelines.

The district court, however, denied Eckford's objection to the criminal history category calculated in the presentence report. Concluding that the presentence report properly calculated Eckford's criminal history category at Level II, the district court imposed the maximum potential sentence of forty-one months' imprisonment. This sentence was four months longer than the maximum sentence that would have been permissible if the prior uncounseled misdemeanor convictions had not affected Eckford's criminal history.

## II. DISCUSSION

The sixth amendment guarantee of counsel[5] is one of the "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." *Powell v. Alabama*, 287 U.S. 45, 67, 53 S.Ct. 55, 63, 77 L.Ed. 158 (1932). A criminal defendant prosecuted without the assistance of counsel lacks the skill and knowledge necessary to prepare an adequate defense. "Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible." *Id.* at 69, 53 S.Ct. at 64. The sixth amendment therefore "stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not 'still be done.'" *Johnson v. Zerbst*, 304 U.S. 458, 462, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938).

Of necessity, however, the sixth amendment does not ensure an unlimited right to counsel in all criminal cases. If a criminal defendant were guaranteed counsel in comparatively insignificant criminal prosecutions that did not pose the possibility of imprisonment, the already overburdened criminal justice system would face crippling costs, congestion and confusion. *Scott v. Illinois*, 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). To draw the line between the competing concerns of fairness to the defendant and convenience to the Government, the Supreme Court has determined that the sixth amendment requires only that "no indigent criminal defendant be sentenced to a *term of imprisonment*" unless the Government has afforded him the right to assistance of counsel. *Id.* at 374, 99 S.Ct. at 1162 (emphasis added). Thus, conviction of an uncounseled criminal defendant is constitutionally permissible, so long as the defendant is not sentenced to a term of imprisonment. If an uncounseled defendant is sentenced to prison, the conviction itself is unconstitutional.

Eckford argues that because his prior uncounseled misdemeanor convictions could not be used directly to impose a prison term, then logically they should not have been used indirectly to impose an increased prison term under the Sentencing Guidelines. He maintains that even if actual imprisonment determines the constitutional right to appointment of counsel, prior uncounseled misdemeanor convictions may not be used collaterally to impose an increased term of imprisonment on a subsequent conviction.

For this argument, Eckford relies extensively upon the concurring opinion of Justice Marshall in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In *Baldasar*, the defendant was charged with theft after he pilfered a twenty-nine dollar shower head from a department store. At trial over the defendant's objection, the prosecutor introduced evi-

---

**5.** The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

dence establishing an earlier misdemeanor conviction for theft. This prior conviction, for which the defendant received a fine and probation even though he was not represented by counsel, enhanced the potential punishment for the subsequent offense from a misdemeanor (punishable by a fine and imprisonment for up to a year) to a felony. The defendant was convicted of a felony and sentenced to prison for one to three years.

In a brief per curiam opinion, the Supreme Court reversed the defendant's conviction. The per curiam opinion contained no discussion of the relevant sixth amendment principles, relying instead on the analysis expressed in three concurring opinions.[6] The most expansive of these concurrences was authored by Justice Marshall, who concluded that under no circumstances could a prior uncounseled misdemeanor conviction be used collaterally to impose an increased term of imprisonment on a subsequent conviction. *Baldasar*, 446 U.S. at 225, 100 S.Ct. at 1586 (Marshall, J., concurring). Three other Supreme Court justices—Justices Brennan, Stevens and Stewart—joined Marshall in this conclusion.

Justice Blackmun's concurrence, however, tempered the expansive reach of Justice Marshall's concurrence. Writing separately in *Baldasar*, Justice Blackmun urged a "bright-line" approach that would require the appointment of counsel when an indigent defendant is charged with a nonpetty criminal offense punishable by more than six months' imprisonment. *Id.* at 230, 100 S.Ct. at 1589 (Blackmun, J., concurring). Since the defendant in *Baldasar* was initially prosecuted without legal representation for a misdemeanor offense punishable by more than six months' imprisonment, Justice Blackmun believed that the defendant's conviction was unconstitutional and therefore unavailable to support enhancement of subsequent punishment.

Justice Blackmun's concurrence was narrowly drawn, expressly limited to the particular facts of the defendant in *Baldasar*. Nonetheless, Justice Blackmun's vote in favor of reversing the defendant's conviction was essential to the slim five member majority. The inconsistency between Justice Blackmun's narrow approach and Justice Marshall's expansive approach has clouded the scope of the *Baldasar* decision.[7] Many courts have questioned whether *Baldasar* expresses *any* persuasive authority on the collateral use of uncounseled misdemeanor convictions. *See, e.g., Schindler v. Clerk of Circuit Court*, 715 F.2d 341, 345 (7th Cir.1983) ("the [*Baldasar*] decision provides little guidance outside of the precise factual context in which it arose."), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1419, 79 L.Ed.2d 745 (1984); *United States v. Robles–Sandoval*, 637 F.2d 692, 693 n. 1 (9th Cir.) ("The court in *Baldasar* divided in such a way that no rule can be said to have resulted."), *cert. denied*, 451 U.S. 941, 101 S.Ct. 2025, 68 L.Ed.2d 330 (1981).[8]

---

**6.** The three concurring opinions were authored respectively by Justices Stewart, Marshall and Blackmun. Justice Stewart, whose concurrence is not particularly important for purposes of the present case, concluded that the defendant was unconstitutionally sentenced to an increased term of imprisonment *"only* because he had been convicted in a previous prosecution in which he had *not* had the assistance of appointed counsel in his defense." *Baldasar*, 446 U.S. at 224, 100 S.Ct. at 1586 (Stewart, J., concurring) (emphasis in original). Essentially, Justice Stewart's concurrence dovetailed into Justice Marshall's expansive concurrence. Indeed, each justice joined in the other's concurrence.

**7.** *See* Rudstein, *The Collateral Use of Uncounseled Misdemeanor Convictions after Scott and Baldasar*, 34 U.Fla.L.Rev. 517, 529 (1982) ("The failure of the *Baldasar* majority to agree upon a

rationale for the result, and the unique approach taken by Justice Blackmun, whose vote was necessary for that result, leave open questions concerning the decision's scope.").

**8.** These expressions of doubt regarding the precedential value of the *Baldasar* opinion derive from the absence of an underlying platform of common agreement among the majority justices in *Baldasar*. In *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977), the Supreme Court held that when no opinion in one of its decisions commands the support of the majority of the justices, the holding of the Court is the position taken by the justices who based their acquiescence in the decision on the narrowest grounds. Relying on this guideline, at least one court has determined that "the holding in *Baldasar* is Justice Blackmun's rationale that an invalid uncounseled

Likewise, this Court has questioned the persuasive influence of *Baldasar*. In *Wilson v. Estelle*, 625 F.2d 1158 (5th Cir. Unit A 1980), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1985, 68 L.Ed.2d 302 (1981), this Court found no error in the admission of evidence of the defendant's two prior uncounseled misdemeanor convictions during the punishment phase of a murder trial. Relying on the conclusion in *Scott v. Illinois* that the sixth amendment does not require the states to afford counsel in those criminal cases in which the offender is not imprisoned, we determined that the defendant's misdemeanor convictions, for which he received no term of imprisonment, were valid for all purposes. *Id.* at 1159. We acknowledged the potentially conflicting opinions of the concurring justices in *Baldasar*, but essentially limited *Baldasar* to its particular factual scenario: "a prior uncounseled misdemeanor conviction may not [be] used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term." *Id.* at 1159 n. 1.

Subsequent opinions of this Court have reinforced the *Wilson* decision. In *Thompson v. Estelle*, 642 F.2d 996 (5th Cir. Unit A 1981), we again concluded that "evidence of a prior uncounselled misdemeanor conviction for which no imprisonment was imposed may properly be introduced in the punishment phase of a trial." *Id.* at 998. In *United States v. Smith*, 844 F.2d 203 (5th Cir.1988), we held that a sentencing court could consider the defendant's numerous prior uncounseled convictions, none of which resulted in imprisonment.

It is well settled that prior panel decisions of this Court may not be disturbed except on reconsideration en banc. *See Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir.1977); *Puckett v. Commissioner*, 522 F.2d 1385, 1385 (5th Cir.1975). Accordingly, in the absence of reconsideration en banc, this Court is not empowered to disturb our prior reasoned decisions that *Baldasar v. Illinois* does not preclude the use of uncounseled misdemeanor convictions during sentencing for a subsequent criminal offense.[9]

## III. CONCLUSION

This Court's earlier decisions establish that the district court may consider during sentencing a criminal defendant's prior uncounseled misdemeanor convictions for which the defendant did not receive a term of imprisonment. In the present case, we are unable to conclude that the district court erred in considering Eckford's prior uncounseled misdemeanor convictions to determine his criminal history score under

conviction cannot be used to enhance a subsequent conviction." *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 889 (10th Cir. 1985). However, while most courts have agreed that an invalid uncounseled conviction cannot support sentence enhancement, they have not concluded that the entirety of Justice Blackmun's concurrence—particularly the portion that renders an uncounseled conviction incapable of supporting sentence enhancement if the conviction carries a potential term of imprisonment of greater than six months—represents the official position of the Court in *Baldasar*. The *Marks* 'narrowest grounds' interpretation of plurality decisions comprehends a least common denominator upon which all of the justices of the majority can agree. There does not seem to be any such least common denominator among the *Baldasar* concurrences. *See Schindler*, 715 F.2d at 345 n. 5. By determining that prior opinions bind this Court, we are precluded from engaging in a fresh examination of the official position of the Supreme Court in *Baldasar*. Nonetheless, it is apparent in this case that Eckford's sentence would not be unconstitution-

al even if Justice Blackmun's concurrence represented the Court's holding. Eckford was not sentenced to a term of imprisonment on the prior misdemeanor convictions, *nor did he face potential imprisonment of greater than six months for either of the uncounseled convictions.*

9. Eckford argues that *Wilson*, *Thompson* and *Smith* are distinguishable from the present case because they did not consider the new and complex Federal Sentencing Guidelines. However, the fact that a district court considered a prior uncounseled conviction for purposes of sentence enhancement under the Sentencing Guidelines does not implicate the sixth amendment any more than the fact that a court might have considered an uncounseled conviction outside of the Guidelines. Whether the Sentencing Guidelines apply or not, sentence enhancement based on prior criminal history may only be predicated on constitutionally valid convictions. *See* Application Note 6 to Sentencing Guideline § 4A1.2.

the Sentencing Guidelines. Eckford's sentence is affirmed in all respects.

AFFIRMED.