**UNITED STATES of America**

v.

**Kenneth NICHOLS.**

**No. CR–1–90–123.**

United States District Court,
E.D. Tennessee, S.D.

April 29, 1991.

John W. Gill, Jr., U.S. Atty., Steven H. Cook, Asst. U.S. Atty., Chattanooga, Tenn., for plaintiff.

Bruce H. Morris, Atlanta, Ga., for defendant.

## MEMORANDUM

EDGAR, District Judge.

The sentencing of the defendant in this case presents two significant issues.

### I. Uncounseled Misdemeanor Conviction

Paragraph 22 of the presentence report assesses the defendant one criminal history point for a 1983 DUI misdemeanor conviction in the State of Georgia. The defendant was not incarcerated but received a $250 fine in connection with that offense.

The defendant maintains that the DUI conviction may not be used to increase his criminal history points, because that conviction was constitutionally invalid as an uncounseled misdemeanor conviction.

■ The defendant has the burden of showing that a prior conviction is constitutionally invalid once the Government has borne the initial burden of proving the conviction. *United States v. Unger,* 915 F.2d 759, 761 (1st Cir.1990). *See generally* United States Sentencing Commission, *Guidelines Manual,* § 4A1.2, comment (n. 6) (Nov. 1990) (Reversed, Vacated, or Invalidated Convictions).

■ The defendant here asserts that his DUI conviction in 1983 was uncounseled. It is not contested that the defendant did not have counsel. The proof is unclear as to whether he may have validly waived his right to counsel. The Court determines on the basis of the facts before it, however, that he did not waive that right in connection with the 1983 DUI case. Such a waiver must be intelligently and understandingly made, and cannot be presumed from a silent record. *Boyd v. Dutton,* 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972).

■ The Sentencing Guidelines provide in the commentary to § 4A1.2 that:

Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed.

U.S.S.G. § 4A1.2, comment. (backg'd.)

The defendant first says that this provision does not apply to him since it only became effective with the November 1, 1990, amendments to the Sentencing Guidelines and the offense to which the defendant has pled guilty occurred prior to that date. On November 1, 1990, the Sentenc-

ing Guidelines were amended to eliminate the following commentary:

....

Also, if to count an uncounseled misdemeanor conviction would result in the imposition of a sentence of imprisonment under circumstances that would violate the United States Constitution, then such conviction shall not be counted in the criminal history score....

U.S.S.G. § 4A1.2, comment (n. 6) (Nov. 1989).

In eliminating this language and in inserting the language which clearly mandates the counting of uncounseled misdemeanor convictions, the Sentencing Commission said it was eliminating confusion about the meaning of the Sentencing Guidelines, and its position all along was that uncounseled misdemeanor convictions were to be counted. Specifically, the Sentencing Commission said:

This amendment clarifies the circumstances under which sentences are excluded from the criminal history score. In particular, the amendment clarifies the Commission's intent regarding counting of uncounseled misdemeanor convictions for which counsel constitutionally is not required because the defendant was not imprisoned. Lack of clarity regarding whether these prior sentences are to be counted may result not only in considerable disparity in guideline application, but also in the criminal history score not adequately reflecting the defendant's failure to learn from the application of previous sanctions and his potential for recidivism. This amendment expressly states the Commission's position that such convictions are to be counted for the purposes of criminal history under Chapter Four, Part A....

U.S.S.G. App. C (n. 353).

It is, therefore, clear that the Sentencing Guidelines have, even prior to November 1, 1990, permitted the counting of uncounseled misdemeanor convictions toward a defendant's criminal history score, although perhaps not very clearly. In any event, there is no retroactivity question here.

The Sentencing Guidelines permitted the use of uncounseled misdemeanor convictions where the defendant was not imprisoned both before and after November 1, 1990.

■ In so doing, do the Sentencing Guidelines run afoul of the Sixth Amendment? The answer depends upon how one reads the Supreme Court's decision in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Because *Baldasar* is a fragmented opinion, no clear consensus has emerged as to precisely what that case stands for. This was recently recognized by Mr. Justice White in dissenting from the denial of a petition for writ of certiorari in *Moore v. Georgia*, 181 Ga.App. 548, 352 S.E.2d 821, *cert. denied,* 484 U.S. 904, 108 S.Ct. 247, 98 L.Ed.2d 204 (1987) (White, J., dissenting). In *United States v. Eckford*, 910 F.2d 216 (5th Cir. 1990), the Fifth Circuit recently observed that "[m]any courts have questioned whether *Baldasar* expresses *any* persuasive authority on the collateral use of uncounseled misdemeanor convictions." *Id.* at 219 (emphasis in original) (citations omitted).

Without engaging in an extensive analysis of *Baldasar* and its predecessors here, and in the absence of further clarification by the Supreme Court, this Court believes that it would be most appropriate to adopt the narrow interpretation of *Baldasar* as espoused by the Fifth Circuit in *Eckford*. This interpretation is that *Baldasar* stands only for the proposition that a prior uncounseled misdemeanor conviction may not be used to create a felony with a prison term. *Eckford*, 910 F.2d at 220. Even though Mr. Justice Marshall's concurring opinion in *Baldasar* contains some broader language, a later footnote written by him suggests that a narrower reading is to be given to the *Baldasar* case. *United States v. Mendoza–Lopez*, 481 U.S. 828, 841 n. 18, 107 S.Ct. 2148, 2156 n. 18, 95 L.Ed.2d 772 (1987). In any event, it is clear that the Sentencing Commission, in proposing the November 1990 amendment to the Sentencing Guidelines, determined that it was act-

ing constitutionally. Specifically, the Sentencing Commission said:

> The Commission does not believe the inclusion of sentences resulting from constitutionally valid, uncounseled misdemeanor convictions in the criminal history score is foreclosed by *Baldasar v. Illinois*, 446 U.S. 222 [100 S.Ct. 1585, 64 L.Ed.2d 169] (1980).[1]

United States Sentencing Commission Notices, 55 Fed.Reg. 5718-01 (1990) (footnote added).

The Court determines, therefore, that the use of the defendant's 1983 DUI conviction to enhance his sentence is permitted by the Sentencing Guidelines and is not unconstitutional.[2]

### II. Use of Evidence Obtained in Violation of the Fourth Amendment

■■■ The defendant's Sentencing Guidelines, as calculated in the presentence report, are 188–235 months. Paragraph 24 of the presentence report contains information regarding other drug-related criminal conduct which occurred in 1988. The Court has heard evidence relating to this 1988 conduct and makes the following findings of fact with respect thereto:

In 1988, the Floyd County, Georgia, Sheriff's Department was investigating a David Sledge, known to be a cocaine dealer. They learned through court-authorized pen registers and telephone monitoring that defendant Nichols was Sledge's supplier. Investigators observed a meeting between the defendant and Sledge wherein the defendant gave Sledge a white bag and Sledge gave the defendant something. Cocaine, loaded weapons, and false bottom oil cans were found in the defendant's pickup truck. Twenty-eight hundred dollars was found in the defendant's pocket. The evidence found in the defendant's truck and on his person was suppressed in the Georgia state courts. The status of the Georgia proceedings is not clear. However, the defendant has not been convicted of anything as a result of the 1988 incident.

The Government asks that this Court consider all of the evidence seized in connection with the 1988 arrest, and seeks an upward departure from the Sentencing Guidelines under § 4A1.3, because says the Government, reliable information clearly indicates that the defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct. *See United States v. Gonzales*, 929 F.2d 213 (6th Cir.1991).

18 U.S.C. § 3661 (1985) provides:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

U.S.S.G. § 6A1.3(a) states:

> . . . .
>
> In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.[3]

(Footnote added).

The Third Circuit in *United States v. Torres*, 926 F.2d 321 (3d Cir.1991), has re-

---

**1.** The Ninth Circuit in *United States v. Brady*, 928 F.2d 844 (9th Cir.1991), has recently arguably decided this issue to the contrary. The Second Circuit in *United States v. Agribodi*, 924 F.2d 462, 464 (2d Cir.1991), has expressly declined to decide the issue.

**2.** In *Charles v. Foltz*, 741 F.2d 834 (6th Cir.1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 973 (1985), the Sixth Circuit has held that "prior uncounselled misdemeanor convictions for which imprisonment was not imposed,

may be used for impeachment purposes." *Id.* at 837. If this evidence may be considered at the guilt or innocence phase of a trial, *a fortiori*, it may be used at sentencing where courts generally have more discretion in receiving evidence.

**3.** The Sentencing Guidelines cite in support of this proposition the following cases: *United States v. Marshall*, 519 F.Supp. 751 (D.C.Wis. 1981), *aff'd*, 719 F.2d 887 (7th Cir.1983); *United*

cently held that a sentencing court under the Sentencing Guidelines may consider evidence which has been suppressed pursuant to the Fourth Amendment. The court said:

> Faced with two strong currents in the law, one urging caution in invoking the exclusionary rule in Fourth Amendment cases, and the other permitting broad discretion in receiving evidence of conduct relevant to sentencing, we have no difficulty in upholding the sentencing judge's consideration of the suppressed evidence here. The desirability of reaching an appropriate decision in sentencing outweighs what little deterrent effect may be present.
>
> . . . .
>
> Consideration of the suppressed evidence is consistent with the caselaw on the exclusionary rule and follows the well-established practice of receiving evidence relevant to sentencing from a broad spectrum of sources. We hold, therefore, that evidence suppressed as in violation of the Fourth Amendment may be considered in determining appropriate guideline ranges.

*Id.* at 325.

The evidence concerning the 1988 drug transaction is indeed reliable. The officers knew through monitored phone calls that the meeting between Sledge and the defendant was for the purpose of doing a drug deal. They observed the transaction occur. This Court is convinced by a preponderance of the evidence that a drug transaction did occur there—despite some of the evidence having been suppressed and despite the absence of a conviction of the defendant. The Court can make this determination without really considering the suppressed real evidence. Nevertheless, the Court, based upon the above authority, may consider this evidence which does lend added ballast to the Court's factual conclusions.

The Sentencing Guidelines are substantial in this case. The range exceeds 24 months, which means that under 18 U.S.C. § 3553(c) (Supp.1991), this Court must state its reasons for sentencing the defendant at any point within that range.

*States v. Fatico,* 579 F.2d 707 (2d Cir.1978).

In this particular case, the Court determines on balance that an upward departure from the Sentencing Guidelines is not warranted, but instead, will utilize the defendant's 1988 other criminal conduct to sentence the defendant at the top of his guideline range at 235 months. The Court determines that a sentence of 235 months does not significantly underrepresent the defendant's criminal history which, except for the 1988 incident, contains only one other (albeit serious) drug conviction.