81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel
Robert L. MOIR, Petitioner-Appellant,
v.
STATE OF IDAHO, Respondent-Appellee.
 No. 94-35892.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided March 27, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Moir appeals the dismissal by the district court of his 28 U.S.C. § 2254 habeas petition without hearing. In 1991, an Idaho court convicted Robert L. Moir of drunk driving in violation of Idaho Code § 18-8004 and sentenced him to ten days imprisonment. On habeas review, Moir claims, inter alia, that the Idaho courts violated his federal right to the assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm the district court's denial of relief.
 
 
 3
 * As a threshold matter, the State of Idaho argues that Moir's federal claims are procedurally barred.
 
 
 4
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law....
 
 
 5
 Coleman v. Thompson, 501 U.S. 722, 750 (1991). Because the gravamen of Moir's federal claim is that he was denied counsel and because, had he had counsel, it is highly unlikely that he would have run afoul of the several Idaho procedural rules that prevented consideration of his claims on the merits by the various levels of the Idaho courts, we look to the merits of his claims. Of particular concern is whether he was wrongfully deprived of appointed counsel.
 
 II
 
 6
 Moir claims the state of Idaho violated his right to the assistance of counsel, denied him an appeal, denied him due process, and convicted him pursuant to an unlawful guilty plea. We review de novo a denial of habeas relief, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and conclude that all four claims lack merit.
 
 
 7
 * Indigent criminal defendants have a right, guaranteed by the Sixth Amendment and by Gideon v. Wainwright, 372 U.S. 335 (1963), to court-appointed counsel. The fact that Moir was sentenced to only ten days imprisonment and served only two is of no moment: "no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at trial." Argersinger v. Hamlin, 407 U.S. 25, 37 (1972); see Colson v. Joyce, 816 F.2d 29, 30 (1st Cir.1987) (right to counsel though imprisoned for only 35 days).
 
 
 8
 However, Moir was not indigent. According to his tax returns for 1988 through 1990, Moir's annual income ranged between $4,400 and $6,300. According to his financial disclosure forms, Moir owned a home worth $15,000 and personalty worth $6,000, his debts were in the three figure range, and he had sole responsibility for two children aged 16 and 10 who received Social Security income (his wife before her death had received Medicaid benefits).
 
 
 9
 For the purposes of appointing counsel, Idaho trial judges determine whether a defendant is indigent by weighing the defendant's income, property, debts, and number and ages of children. Idaho Criminal Rule 44; Idaho Code §§ 19-852(a), 19-854. In State v. Randle, 712 P.2d 634, 635 (Idaho 1985), the Idaho Supreme Court determined that a defendant who annually earned between $4,200 and $9,400, who owned personalty worth $1,100 and was purchasing realty worth $10,600 with a $9,600 loan, and whose wife was receiving public assistance was not indigent. By comparison, Moir is better off than the defendant in Randle: Moir owns outright assets worth $21,000, while the Randle defendant owned assets worth only $11,700, most of them mortgaged. Because Moir did not meet the test for indigency, he was not entitled to appointed counsel.
 
 B
 
 10
 Moir claims that the state of Idaho violated his right to an appeal by dismissing his appeal because his pleadings and briefs were untimely and by denying him the opportunity to pay a filing fee. Idaho clearly affords due process to criminal defendants by providing appeals to them. Its procedural rules governing appeals are subject to review in federal habeas only if their restrictions effectively violate due process. See Estelle v. McGuire, 502 U.S. 62, 70 (1991). No such claim is made here. Moir does claim that their application to him violated due process. However, the record shows that he did not meet the Rules' deadlines and that he did not pay the filing fee timely. We find no violation of due process.
 
 C
 
 11
 Moir claims that the state of Idaho violated his right to due process by not holding a hearing before denying his request for counsel and a fee waiver. However, the federal magistrate found that there was a pretrial hearing regarding these questions and the record contains the tax records and financial questionaire that the Idaho courts considered. Since Moir was not indigent he had no right to appointed counsel or waiver of fees.
 
 D
 
 12
 Lastly, Moir claims that the state of Idaho obtained his conviction by unlawfully entering a guilty plea. However, any errors related to the initial plea and bargain are moot since the Idaho courts vacated the plea and Moir went to trial. At his hearing before the federal district court, Moir claimed that the Idaho court that vacated the guilty plea left standing his license suspension, and that he was later sentenced to a second license suspension for the same incident of drunk driving. However, no evidence in the record supports this claim.
 
 III
 
 13
 All four of Moir's claims lack merit. Accordingly, we affirm the district court's denial of habeas relief.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3