PEOPLE v GORDON

1. SEARCHES AND SEIZURES—PROBABLE CAUSE.

   Probable cause to search a defendant's automobile existed where the police had received a description of the car as having been involved in a crime, the police stopped the car and after questioning, arrested the driver.

2. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—DELAYED SEARCH—REASONABLENESS.

   A search without warrant of a defendant's automobile, conducted at the police station eight hours after the arrest of the defendant and impoundment of the automobile, was reasonable where there was probable cause to search the car and the defendant remained in custody.

3. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—REASONABLENESS—CONSTITUTIONAL LAW.

   The word "immediate" is not synonymous with "instantly", and in cases where a statute or an insurance policy has required immediate action the Supreme Court has consistently held that only action within a reasonable time is required; therefore, a search without warrant of a defendant's automobile eight hours after the arrest of the defendant and the impoundment of the automobile was reasonable and immediate and did not violate the defendant's Fourth Amendment rights against unreasonable searches and seizures.

Appeal from Tuscola, James P. Churchill, J. Submitted Division 2 May 15, 1974, at Lansing. (Docket No. 17101.) Decided August 13, 1974.

William G. Gordon was convicted of carrying a concealed weapon without a license. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Arrest §§ 26, 28.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George Holmes,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Howard C. Marderosian,* Acting Director, of counsel), for the people.

*Forrest T. Walpole,* for defendant.

Before: Danhof, P. J., and T. M. Burns and Carland,* JJ.

Carland, J. The defendant, William Glen Gordon, was convicted in a non-jury trial of the offense of carrying a concealed weapon without a license contrary to the provisions of MCLA 750.227; MSA 28.424. The defendant was sentenced to a prison term of three years and four months to five years. He appeals as of right.

The facts are not in dispute. On the evening of September 14, 1972, two officers of the Tuscola county sheriff's department while on patrol received a radio message reporting an alleged larceny of an undetermined amount of money from a Gulf gas station located in said county. The message indicated that the officers should be on the lookout for a beige or white 1965 or 1966 Chevrolet bearing license number WYZ-201. At approximately 1:30 a.m., a vehicle was spotted near the county border matching the description of the vehicle mentioned in the radio report. The officers, after making this observation, proceeded to stop the automobile. At the time the vehicle was stopped it was being driven by the defendant. The defendant was ordered from the car and subjected to a pat-down search for weapons. No weapons

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

were thus discovered. Following questioning by the officers, the defendant and his passenger were arrested and taken to the county jail. No search of the car was conducted at the scene of the arrest and about 2 a.m. it was towed to the sheriff's department where it was secured.

The defendant's car was not searched upon its arrival at the jail nor during the remainder of the night. Although no attempt was made to secure a search warrant, a thorough search of the car was carried out by the officers beginning at 10 a.m., or some eight hours after its arrival at the jail.

During the course of the warrantless search, both a .22-caliber and .38-caliber revolver were discovered and seized. A motion to suppress the introduction of the two weapons so seized was denied. At the trial the .22-caliber revolver was received in evidence over objection by defense counsel.

In the instant case we are confronted with the precise question which the Court faced in *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970). Here, as there, the question in the case concerns the admissibility of evidence seized from an automobile which the defendant was operating at the time of his arrest, after the automobile was taken to a police station and was there thoroughly searched without a warrant. Were the defendant's Fourth Amendment rights thereby violated?

To construe *Chambers, supra,* as did Judge LEVIN in *People v Weaver,* 35 Mich App 504; 192 NW2d 572 (1971), in order to support a finding that a two-day delay in conducting a search of defendant's car after impoundment by the police made the search unreasonable seems to misconstrue the plain language of Mr. Justice White

writing for the majority. On pages 51–52 we find the following language:

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater'. But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 US 51–52; 90 S Ct 1981; 26 L Ed 2d 428.

We hold that probable cause to search existed following the arrest of the defendant.

Nowhere in the *Chambers* opinion do we learn for what length of time the car was held at the police station prior to search. If it was searched immediately upon arrival at the police station, the search was reasonable. However, the case does not hold that a reasonable delay in searching violates the Fourth Amendment rights of the defendant. Indeed Mr. Justice Harlan in his dissenting opinion seems to so construe the majority holding with the following language on page 62:

"The Court holds that those steps include making a warrantless search of the entire vehicle on the highway —a conclusion reached by the Court in *Carroll;*[1] without discussion—and indeed appears to go further and to condone the removal of the car to the police station for a warrantless search there at the convenience of the police." 399 US 62; 90 S Ct 1987; 26 L Ed 2d 434–435.

[1] *Carroll v United States,* 267 US 132, 45 S Ct 280; 69 L Ed 543; 39 ALR 790 (1925).

It would seem to make small, if any, difference to a jailed defendant whether a warrantless search is conducted some eight hours after the impoundment of the car or whether it is searched after the passage of time necessary to prepare an application and obtain a warrant through the approval of a magistrate. The Court in *Chambers* continues further on page 52:

"On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable-cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained." 399 US 52; 90 S Ct 1981; 26 L Ed 2d 428–429.

Assuming *arguendo* that immediacy is mandated where a car has been taken to a police station under circumstances as they appear in the instant case, does a warrantless search thereof by the police some eight hours thereafter meet the required mandate? Our answer is in the affirmative. The word "immediate" is not and cannot be construed to be synonymous with the word "instantly". In those cases where statutes or insurance policies have required immediate action upon the happening of certain events our Supreme Court has consistently held that only action within a reasonable time is required.

"Unquestionably the requirement that notice of default be given 'immediately' does not in the connection used mean 'without any time intervening' or 'instantly' as the lexicographers define the word; but it being

plainly the purpose and intent of such provision that prompt notice should be conveyed to the surety to enable it to take all then available steps for its protection, a fair construction of the condition precedent to that end is that the parties intended and understood it to mean the notice should be timely or promptly given, without unnecessary delay and with reasonable diligence." *Berkshire Land Co v Moran,* 210 Mich 77, 85–86; 177 NW 205 (1920). See also *Oakland Motor Co v American Fidelity Co,* 190 Mich 74; 155 NW 729 (1916), and *Red Star Motor Drivers Association v City of Detroit,* 244 Mich 480; 221 NW 622 (1928).

Under this realistic construction of the word "immediate" the words of Judge O'HARA in his dissenting opinion in *Weaver, supra,* seem significantly appropriate when on pages 520–521 he spoke as follows:

"To hold that detectives, patrol car drivers, clerk typists, and impoundment personnel must all drop everything each is doing at the time of one arrest and concentrate upon the search of one car to determine ownership instanter, is utterly unrealistic."

If immediacy is required, we hold the search here involved was within a reasonable time and was therefore immediate. The search did not violate the Fourth Amendment rights of the defendant and the revolver was properly received in evidence.

We affirm.

All concurred.