PEOPLE v HENDRIX

1. Searches and Seizures—Automobiles—Search Without Warrant—Impounded Cars—Probable Cause—Immediate Searches.

A search of a defendant's automobile was proper and the knife seized therein should not have been suppressed at the defendant's trial on a felonious assault charge where the police had probable cause to stop the defendant's vehicle and arrest the defendant for felonious assault and search of the car without a warrant took place immediately upon its arrival at the police station.

2. Criminal Law—Prosecutorial Misconduct—Evidence—Failure to Object—Court Rules—Statutes.

There was no prosecutorial misconduct in a prosecutor's questions to a defendant about a knife on cross-examination, after the trial court had ruled the knife inadmissible where (1) defense counsel had referred to the knife on direct examination, (2) no timely objection was entered, and (3) the knife was admissible as evidence and therefore no miscarriage of justice could have occurred in any event (GCR 1963, 516.2, MCLA 769.26; MSA 28.1096).

Appeal from Recorders Court of Detroit, John Patrick O'Brien, J. Submitted June 18, 1976, at Detroit. (Docket No. 23359.) Decided September 27, 1976.

Billy E. Hendrix was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnotes
[1] 68 Am Jur 2d, Searches and Seizures §§ 43, 45, 99.
[2] 30 Am Jur 2d, Evidence § 1022.
   75 Am Jur 2d, Trial §§ 166, 167, 708.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

R. M. RYAN, J. Defendant was convicted by a jury of felonious assault, MCLA 750.82; MSA 28.277, and was sentenced to a term of from 24 to 28 months in prison. He appeals as of right.

The factual background of this case, in summary, is that defendant Billy Eugene Hendrix was identified by complainant Linda Sims as the man who forced her into his automobile at knife point. Complainant subsequently managed to escape from the moving vehicle by unlocking the door on the passenger side and rolling out into the street.

Two police officers had observed defendant's vehicle weaving down the street and were following it when they saw the complainant make her fortuitous exit. Upon complainant's urging, the police pursued defendant's vehicle and apprehended defendant.

In response to the arresting officer's question about the female who had exited his moving vehicle, the defendant stated that there had been no female in his automobile. The officer observed fresh blood on the outside panel and on the front seat of the vehicle. Thereupon, defendant was arrested and his automobile was impounded. Complainant had received minor cuts and bruises from

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant's knife and blackjack during her abduction and subsequent escape. Her nose had also been broken by defendant's fist.

Defendant's vehicle was searched, without a warrant, at the police station and a paring knife similar to the one used in the abduction was discovered behind the front seat, on the driver's side. This knife was initially introduced at trial without objection. During the arresting officer's testimony, defense counsel, alleging surprise, moved that the knife be suppressed as the fruit of an illegal search and seizure. The trial judge granted the motion to suppress and instructed the jury not to consider the exhibit.

On appeal, defendant presents three issues for this tribunal's consideration, all of which focus upon the legality of the search and seizure conducted at the police station and the subsequent introduction of the knife at trial.

I

Defendant first contends that he was denied a fair and impartial trial due to defense counsel's failure to timely move to suppress the illegally seized knife before trial. Additionally, defendant maintains that defense counsel compounded his error by failing to move for a mistrial after the trial court excluded the knife as the fruit of an illegal search and seizure during trial. We cannot agree for two reasons.

In the first place, we believe the trial court should never have suppressed the paring knife. Based on the foregoing facts, we find that (1) the police officers had sufficient probable cause to stop defendant's vehicle and arrest the defendant. The police had observed the erratic movements of the

vehicle, had witnessed the bloodied complainant jump from the car and heard her scream for help. We also find that (2) the police officers had sufficient probable cause to conduct an immediate warrantless search in order to preserve evidence of the crime after the stop of the automobile had revealed the complainant's blood on both the outside panel and front seat. And, most importantly, we hold that (3) these probable cause factors which developed at the scene, were not extinguished but still obtained at the police station house, where the vehicle was immediately transported, impounded and searched by the arresting officers. See *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 419 (1970). Also *People v Gordon,* 54 Mich App 693, 697; 221 NW2d 600, 603 (1974).

The following language from *Chambers* clearly authorizes the type of search conducted in the instant case:

> "Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater'. But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand *carrying out an immediate search without a warrant.* Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 US 51–52; 90 S Ct 1981; 26 L Ed 2d 428. (Emphasis added.)

There has admittedly been some disagreement among several panels of this Court as to how "immediate" the warrantless search of the im-

pounded vehicle must be conducted before probable cause extinguishes. *People v Weaver,* 35 Mich App 504, 512; 192 NW2d 572, 575 (1971), *People v Gordon, supra,* and *People v White,* 68 Mich App 348, 352; 242 NW2d 579 (1976). In the instant case, however, the search was conducted by the arresting officers at the station house immediately upon the vehicle's arrival. There was no significant time lag, so we need not address this issue.

Consequently, we hold that the search in the present case was properly conducted without a warrant. Therefore the knife was properly in evidence at the time the trial judge removed it from evidence.

We also note in passing that even assuming *arguendo* that we agreed with the trial court that the knife was inadmissible, we would be hard pressed to reverse defendant's conviction on grounds of mistake of counsel because no significant prejudice accrued to defendant. Since no initial motion to suppress was timely made and since the other evidence was more than sufficient to sustain the conviction, we are convinced that the alleged error would at best be harmless and defendant would be reconvicted even if the knife were suppressed before trial commenced. *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

## II

In light of our holding that the search and seizure was proper, *supra,* we need not address defendant's second issue at length; namely, that the trial court's curative instruction was insufficient to correct the complained-of error. Since the evidence was admissible, the curative instruction

was unnecessary and could only have benefitted the defendant.

Finally, defendant asserts that he was denied a fair and impartial trial due to prosecutorial misconduct. The trial record indicates that after the trial court ordered the knife suppressed, the prosecutor questioned the defendant as to whether he had a knife in his automobile. We find no prejudicial error occurred since (1) defense counsel had "opened the door" on direct examination by referring to the knife, *People v Atkinson,* 35 Mich App 338; 192 NW2d 687 (1971), *lv den,* 386 Mich 772 (1971), (2) no timely objection was entered, GCR 1963, 516.2, and (3) the evidence was admissible, therefore no miscarriage of justice could have occurred in any event. MCLA 769.26; MSA 28.1096.

Affirmed.