**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-3186
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CLINTON HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

(May 10, 1993)

Before POLITZ, Chief Judge, KING AND DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant, Clinton Howard, appeals his conviction and sentence imposed after a jury convicted him for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.

### Background

On April 9, 1991, special agents with the Bureau of Alcohol, Tobacco, and Firearms ("BATF") received an anonymous call concerning drug activity at 618 N. Rocheblave St., New Orleans. The caller relayed information regarding crack cocaine and heroin trafficking and illegal possession of firearms by both the defendant and his brother, Wilson Martin. A computer check confirmed the tip's information regarding prior criminal

convictions of both men. A confidential informant was dispatched to observe the location. The informant verified drug trafficking and weapons violations at that address. A search warrant for 618 Rocheblave was executed by BATF and local law enforcement on April 10, 1991.

During the search, Appellant Howard arrived at the residence. BATF Special Agent Riehl approached and questioned him. Riehl also observed a gold Lincoln Continental with a temporary plate parked on the street several houses away. The anonymous tip had described the car as Howard's, and the confidential informant had observed the car delivering suspected drugs. Upon question, Howard told Riehl that he was not driving the Lincoln and that his keys would not unlock the car. Riehl, however, requested the keys which did in fact unlock the Lincoln. Although initially he did not object to Riehl attempting to unlock the car, Howard denied agents permission to search the car. Rather than search the car at the scene, Riehl secured the car and obtained a search warrant prior to conducting a search. The search was conducted two days later and revealed approximately six grams of crack cocaine, a scale, and a temporary license plate issued to Howard.

In addition to the statements made to Riehl during the search of 618 N. Rocheblave, Howard contacted the BATF office prior to the search of his car and made additional statements. When he picked up his vehicle, Howard again made an incriminating statement to Riehl that he had recently acquired some money and was quitting the drug business because it was not profitable. Howard was not

indicted until several days later.

Howard was indicted for possession with intent to distribute cocaine base. The district court denied his motion to suppress the items found in his car and his statements made to Special Agent Riehl. The court also denied a motion to dismiss the indictment based upon the constitutionality of the statute. A jury found Howard guilty.

In the presentence investigation report, it was determined that Howard was a career offender under § 4B1.1 of the Sentencing Guidelines. Howard objected to this determination, but the judge adopted the guidelines established in the presentence report. The judge sentenced Howard to 300 months in prison, four years supervised release, and a $50 special assessment. Howard appeals.

### Discussion

I.  Constitutionality of the Statute.  Howard argues that 21 U.S.C. § 841 is unconstitutionally vague because it fails to define cocaine base. This Court has upheld the constitutionality of this statute in United States v. Thomas.[1] Howard submits that because of unusual scientific testimony in his case by the Government's forensic chemist, the definition of cocaine base and cocaine hydrochloride are nearly identical, therefore precedent should not control in light of evidence which fails to distinguish between the

---

[1]  932 F.2d 1085, 1090 (5th Cir. 1991), cert. denied, ---U.S.---, 112 S.Ct. 887 (1992). Thomas distinguishes between cocaine and cocaine base based on the common usage doctrine. See also United States v. Butler, No. 92-1328, 1993 WL 97617 (5th Cir. 1993).

3

two drugs.[2]

The trial court held the statute constitutional, that the common usage doctrine articulated in Thomas applied, and that no other facts peculiar to this case warrant a different result. We agree.

Howard's argument has been squarely refuted by this and other circuits.[3] This Court has held that cocaine base is a unique substance which has a specific contemporary common meaning sufficient to appraise the defendant of the nature of the charge against him. Thomas, 932 F.2d at 1090. Additionally, the forensic chemist testified that the tests that she ran established that the substance found in the car was crack cocaine.[4]

Howard also claims that the Government chemist's testimony indicated that the drug found in Howard's car could have been cocaine, not cocaine base, and therefore, he was entitled to a jury instruction for a lesser included offense. Federal Rule of Criminal Procedure 31(c) states that a defendant may be found guilty of a lesser included offense. Howard argues that under United States v. Browner,[5] he was entitled to a jury instruction on

---

[2] The government's forensic chemist testified that certain tests did not distinguish between cocaine and cocaine base.

[3] See, e.g., Thomas, 932 F. 2d at 1090; United States v. Van Hawkins, 899 F. 2d 852, 854 (9th Cir. 1990); United States v. Barnes, 890 F.2d 545, 552 (1st Cir. 1989), cert. denied, 494 U.S. 1019 (1990).

[4] "Crack" cocaine is one type of cocaine base. Butler, No. 92-1328, 1993 WL 97617 (5th Cir. 1993).

[5] 889 F.2d 549, 550-51 (5th Cir. 1989). This Court held that a defendant is entitled to jury instruction on a lesser offense when

4

a lesser offense. He maintains that the elements of possession of cocaine are a subset of the elements of possession of cocaine base. Therefore, he argues that the trial court erred in refusing to instruct the jury that possession with intent to distribute cocaine was a lesser included offense. This argument misses the mark.

The indictment did not track the statute. It did not charge possession of a controlled substance. See 21 U.S.C. § 841 (1988). It charged possession of cocaine base. Therefore, if evidence had been presented that Howard possessed cocaine hydrochloride and not cocaine base, and if the jury had believed that evidence, then it would not have convicted. Because the indictment was narrowly drawn, Howard was not entitled to any other instruction.

II. Career Offender. Howard contends that he was incorrectly classified as a career offender. He concedes that he has two prior felony convictions as the guidelines require, however, he claims that the convictions were invalid for purposes of classification as a career criminal because he did not enter a valid guilty plea. He argues that the record in the state case fails to indicate that he knowingly waived his right to a trial by jury as required under Boykin v. Alabama, 395 U.S. 238 (1969).

In Louisiana state court in 1972, Howard plead guilty to three armed robberies, and the record indicates that he was advised of his "constitutional rights" but not specifically that he was

---

the elements of the lesser offense are a subset of the elements of the charged offense and evidence at trial is such that the jury could rationally find defendant guilty of the lesser offense, yet acquit him of the greater.

5

advised of his right to a trial by <u>jury</u>. The state later attempted to prosecute Howard as a multiple offender, but withdrew the multiple offender bill when Howard contended the priors were constitutionally insufficient to sustain an enhanced sentence as a multiple offender. These convictions were not, however, ruled constitutionally invalid. The Louisiana court simply granted the State's motion to withdraw the bill. Howard concludes that this Court should not count the convictions because the state did not consider the pleas constitutionally valid.

The district court rejected Howard's contention holding that: (1) Howard was advised of his constitutional rights, (2) this Court is not bound by a decision of the state court regarding dismissal of the multiple offender bill,[6] and (3) Howard failed to meet his burden of proof. We agree.

Section 4B1.1 of the Sentencing Guidelines requires that the defendant have at least two prior convictions of either a controlled substance offense or a violent crime to be classified as a career criminal. U.S.S.G. § 4B1.1 (Nov. 1, 1992). Sentencing Guideline § 4A1.2 Commentary, Application Note 6 disallows the use of invalidated convictions. Note No. 4 to § 4B1.2 states that the provisions of § 4A1.2 are applicable to the counting of convictions under § 4B1.1. <u>See</u> <u>United States v. Marshall</u>, 910 F.2d 1241, 1245 (5th Cir. 1990), <u>cert. denied</u>, ---U.S.---, 111 S.Ct. 976 (1991). The burden of proving the constitutional invalidity of a prior

---

[6] The court concluded that the requirements for a valid conviction under Louisiana law were more stringent than that required under <u>Boykin</u>.

conviction rests on the defendant.  United States v. Newman, 912 F.2d 1119 (9th Cir. 1990); see U.S.S.G. § 4A1.2, comment. (n.6) (Nov. 1, 1992); United States v. Canales, 960 F.2d 1311, 1315 (5th Cir. 1992).

This court will uphold a sentence unless it was imposed in violation of law; imposed as a result of an incorrect application of the sentencing guidelines; or outside the range of the applicable sentencing guideline and is unreasonable. United States v. Buenrostro, 868 F.2d 135, 136-37 (5th Cir. 1989), cert. denied, 495 U.S. 923 (1990) (citations omitted).  Application of the guidelines is a question of law subject to de novo review.  United States v. Garcia, 962 F.2d 479, 480-81 (5th Cir.); cert. denied, 113 S.Ct. 293 (1992).  Factual findings by the trial court are reviewed for clear error.  Id.  Therefore, whether a prior conviction is covered under the sentencing guidelines is also reviewed de novo, while factual matters concerning the prior conviction are reviewed for clear error.  Newman, 912 F.2d at 1123. The voluntariness of a guilty plea is a question of law reviewed de novo.  Marshall v. Lonberger, 459 U.S. 422, 431 (1983).

Because Appellant's previous convictions have never been ruled constitutionally invalid, the district court had the discretion to allow or disallow his challenge to these prior convictions at sentencing.[7]  The district court allowed Howard to challenge these

---

[7]  United States v. Canales, 960 F.2d 1311, 1315 (5th Cir. 1992); U.S.S.G. § 4A1.2, comment. (n.6) (Nov. 1, 1992); see also United States v. Hoffman, 982 F.2d 187, 191 (6th Cir. 1992); United States v. Davenport, 884 F.2d 121 (4th Cir. 1989).

prior convictions. We conclude after a careful review of the record that the court did not err in determining that Howard had not met his burden of proof.

Under Boykin, the only federal requirement is that a plea be entered knowingly and voluntarily. Boykin, 395 U.S. at 242. Boykin does not mandate any specific rule of criminal proceeding. McChesney v. Henderson, 482 F.2d 1101, 1106 (5th Cir. 1973), cert. denied, 414 U.S. 1146 (1974). The state court decisions cited by Howard are not controlling, and he cites no federal authority for the same proposition. Nothing in the record indicates that Howard was not fully aware of the rights that he was waiving. The record states that Howard was advised of his "constitutional rights." The omission on the record of a specific statement that he was advised of his right to a jury trial is insufficient to carry Howard's burden.

Howard also objects to the use of a manslaughter conviction in computing that he is a career offender because the conviction is currently on appeal in the state appellate court. The district court properly rejected this argument based on guideline § 4A1.2(1).

III. Motion to Suppress. Howard contests the denial of his motion to suppress the contents seized from his vehicle and the statements he made to BATF agents. BATF seized six grams of crack cocaine upon searching Howard's Lincoln pursuant to a search warrant. Howard made incriminating statements during his initial contact with Special Agent Riehl, later over the phone to BATF, and

8

again when he picked up his vehicle from BATF. Howard opposes the ruling on a number of grounds.

First, Howard argues that the initial statements made to Riehl during the search of 618 N. Rocheblave were made while in police custody and that he was never informed of his Miranda[8] rights. Although Howard was told several times that he was not under arrest, he contends that during the search of the residence, he was detained against his will. Therefore, he argues that the statements made at that time were illegally obtained and should have been suppressed. He also argues that he was arrested without probable cause.

The defendant's Fifth Amendment right against self-incrimination does not attach until custodial interrogation has begun. A person in custody must, prior to interrogation, be clearly informed of his right to remain silent and his right to counsel during questioning. Miranda, 384 U.S. at 437. Law enforcement officials, however, are not required to administer the Miranda warning to everyone they question. Oregon v. Mathiason, 429 U.S. 492, 495 (1977). More than an intimidating environment is required. Some significant restraint of freedom of movement must have occurred. United States v. Jimenez, 602 F.2d 139 (7th Cir. 1979). The police must curtail the suspect's freedom "to a degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (citation omitted); United States v. Collins, 972 F.2d 1385, 1404 (5th Cir. 1992), cert. denied, 61 U.S.L.W. 3682 (1993).

_____

8  Miranda v. Arizona, 384 U.S. 436 (1966).

9

The trial court held that Howard was not in custody at the time any of the self incriminating statements were made. The court based its ruling on Special Agent Riehl's version of the events.[9] Howard admitted that he was specifically told that he was not under arrest on April 10th. Although he was told to stay put while the search was taking place, the trial court held that this was not a condition associated with formal arrest. See Jimenez, 602 F.2d at 144; Berkemer, 468 U.S. at 440. The court correctly concluded that Howard was not entitled to Miranda warnings before Riehl questioned him during the search on April 10th. We hold that the statements made during the search of 618 N. Rocheblave were properly admitted into evidence.

Howard also argues that the statements made to Special Agent Riehl at the time he picked up his car from BATF violated his Fifth and Sixth Amendment rights. This argument is without merit. No judicial proceeding had been initiated against Howard, therefore, he had no right to counsel under the Sixth Amendment. Michigan v. Jackson, 475 U.S. 625 (1986); Brewer v. Williams, 430 U.S. 387, 398 (1977). As to the violation of his Fifth amendment rights, nothing in the record indicates that Howard's statements were anything other than completely voluntary. See Miranda, 384 U.S. at 444.

Next, Howard contends that the search of the Lincoln was illegal because the search warrant was illegal and no probable cause existed to search the car at the time it was seized. Howard

---

[9] The judge discredited the testimony of Howard's witnesses as no one seemed to be able to get the story straight. Howard does not challenge this finding by the court.

complains that the search warrant was defective because it depended upon an informant whose reliability was unproven. Although BATF verified some of the information provided by the caller, Howard contends these efforts still fell short of establishing probable cause.[10] He contends that the warrant contained merely conclusory language regarding the reliability of the confidential informant, and that evidence at the suppression hearing indicated that the informant was in fact not a proven reliable confidential informant. He contends that because there was no independent verifiable fact that the informant was reliable, the warrant was invalid.

The trial court rejected Howard's argument questioning the prior value of the confidential informant. The court held that the warrant was supported by probable cause, but that even if it was not, the evidence should not be excluded because it was obtained by officers who acted in a good faith reliance on the technical sufficiency of the search warrant.[11] We agree.

Warrantless searches of vehicles are permitted when probable cause exists to believe that the vehicle contains contraband. Colorado v. Bannister, 449 U.S. 1 (1980). The police may search the car without a warrant on the spot where it is stopped or after

---

[10] A similar affidavit was challenged by Howard's brother, Wilson Martin, and was upheld on appeal by this Court in an unpublished opinion. Howard contends that his connection with the information in the affidavit is more attenuated than his brother, therefore our previous opinion should not control.

[11] United States v. Leon, 468 U.S. 897, 922 (1984); United States v. Craig, 861 F.2d 818, 820 ( 5th Cir. 1988); United States v. Royal, 972 F.2d 643, 646 (5th Cir. 1992), cert. denied, 113 S.Ct. 1258 (1993).

immobilizing it. <u>Chambers v. Maroney</u>, 399 U.S. 42, 51 (1970). Alternatively, the more cautious approach is to immobilize the vehicle until a search warrant may be obtained. <u>Id.</u>

In this case, the officers obtained a warrant prior to conducting their search. Evidence obtained by officers who act in a good faith reliance on the technical sufficiency of a search warrant will not be excluded. <u>United States v. Leon</u>, 468 U.S. 897, 922 (1984). Courts in this circuit "should not reach the merits of the probable cause issue if the decision on the admissibility of the evidence under the good-faith exception of <u>Leon</u> will resolve the matter." <u>U.S. v. Craig</u>, 861 F. 2d 818, 820 (5th Cir. 1988). The only exception to this general rule is when the case involves a novel issue of law, the resolution of which is "necessary to guide future action by law enforcement officers and magistrates." <u>Id.</u> at 820-21. This case involves no novel issues.

In general, a magistrate's issuance of a warrant establishes that the law enforcement officer has acted in good faith in conducting the search except in four instances. <u>Leon</u>, 468 U.S. at 922. First, an officer does not act reasonably in relying on a warrant when the magistrate was mislead by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. <u>Id.</u> at 923. The exception also does not apply where the issuing magistrate wholly abandoned his judicial role in issuing the warrant. Next, a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely

12

unreasonable" is also unreliable. <u>Id.</u> (citations omitted). Finally, a warrant may be so facially deficient that the executing officers cannot reasonably presume it to be valid. <u>Id.</u>

Howard spoke with Riehl of his own free will. He voluntarily gave his car keys to Riehl who then discovered that Howard was lying about his ownership of the Lincoln. In addition to the information from the anonymous tip and the confidential informant, Howard's lies clearly established probable cause to search the Lincoln at the scene. All of the information obtained through the caller and the confidential informant was proven truthful. BATF should not be faulted for using prudence and caution in obtaining the warrant. Probable cause clearly supported the warrant and it was executed by officers who acted in good faith reliance on its technical sufficiency. <u>Royal</u>, 972 F.2d at 646.

Finally, Howard argues that the 2-day delay in the seizure of his Lincoln and its search violated his Fourth Amendment rights. He contends that, under <u>United States v. Johns</u>, 469 U.S. 478, 487 (1985), the delay in the completion of the vehicle search was unreasonable because it adversely affected his possessory interest. He asserts that such delays have only been excused where there was insufficient manpower to effect a search and/or the appellant was in custody,[12] or the search was of the car's exterior absent a privacy interest,[13] or the delay was brief and was due to manpower

_____

[12] <u>People v. White</u>, 242 N.W.2d 579 (Mich. App. 1976); <u>People v. Gordon</u>, 221 N.W. 2d 600 (Mich. App. 1974).

[13] <u>State v. Wong</u>, 486 A.2d 262 (N.H. 1984).

13

restrictions.[14]  Therefore, he concludes that the delay in this case was unreasonable and that all evidence seized and statements made should have been suppressed.

The trial court concluded that the two day delay was not unreasonable under <u>Johns</u>.  The court correctly held that Special Agent Riehl had probable cause to search the vehicle at the scene and that he should not be penalized for exercising caution and obtaining a search warrant.[15]

<u>United States v. Johns</u> involved a situation in which a vehicle was seized, and a <u>warrantless</u> search was conducted 3 days later. The Supreme Court held that the seizure was supported by probable cause and that the delayed search was <u>not</u> <u>unreasonable</u>.  The Supreme Court also stated in dicta that it might be possible for one to establish that a delay in the completion of a vehicle search is unreasonable if it interferes with a privacy or possessory interest of the owner in violation of the Fourth Amendment.  <u>Johns</u>, 469 U.S. at 487.  We have already concluded that probable cause existed to search Howard's vehicle at the time it was seized.  And although Howard sought the return of his vehicle, thus asserting a possessory interest, we conclude that the 2-day delay in the search conducted pursuant to valid search warrant was not unreasonable. <u>Cf.</u> <u>United States v. Place</u>, 462 U.S. 696, 709 (1983).

For the foregoing reasons, the judgment of the district court

---

[14]  <u>United States v. Chavis</u>, 880 F.2d 788 (4th Cir. 1989).

[15]  <u>Chambers v. Maroney</u>, 399 U.S. 42, 51 (1970).  The cases cited by Howard are distinguishable because all of the delayed searches took place <u>without</u> the benefit of a warrant.

14

is

AFFIRMED.