UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

VERICK DANOVA FAUCETTE,
   *Defendant-Appellant.*

No. 01-4384

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph Robert Goodwin, District Judge, sitting by designation.
(CR-00-348-S)

Submitted: September 25, 2001

Decided: October 24, 2001

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David P. Henninger, Bel Air, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Verick Danova Faucette appeals his conviction for possession of a firearm by a convicted felon and possession of ammunition by a convicted felon under 18 U.S.C.A. § 922(g)(1) (West 2000). Faucette contends that the district court should have suppressed a statement he made to a detective during the search of his home because the detective failed to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We affirm.

We review the legal conclusions in a district court's suppression determination de novo and the underlying facts under the clearly erroneous standard. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992).

Under *Miranda*, prior to a custodial interrogation, government officials must inform a suspect of certain rights. *See United States v. Sullivan*, 138 F.3d 126, 130 (4th Cir. 1998). Statements elicited in violation of these rules are inadmissible in the prosecution's case-in-chief. *Id.* The procedural safeguards prescribed by *Miranda* apply only when there has been such a restriction on a person's freedom as to render him in custody. *Id.* The test for determining whether an individual is in custody for *Miranda* purposes is whether, under the totality of the circumstances, the "suspect's freedom of action is curtailed to a degree associated with formal arrest." *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (internal quotation marks omitted); *see United States v. Howard*, 115 F.3d 1151, 1154 (4th Cir. 1997).

The facts in this case do not demonstrate that Faucette's freedom of action was curtailed to such a degree. Faucette was not handcuffed or otherwise restrained. The questioning occurred in the presence of Faucette's family members and in his own home. Detectives never told Faucette he was not free to leave. Faucette was not arrested until three weeks following the search. Thus, we conclude that the district court did not err when it declined to suppress Faucette's statements for failure to administer *Miranda* warnings. *See United States v. Burns*, 37 F.3d 276, 281 (7th Cir. 1994); *United States v. Howard*, 991 F.2d 195, 200 (5th Cir. 1993).

We therefore affirm Faucette's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*