United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-40984
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LUIS ANTONIO ANDRADE, also known as Marco Guerraro-Perez,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(B-03-CR-117-1)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Antonio Andrade pleaded guilty to illegal re-entry subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b). He presents two issues.

Andrade contends the district court committed reversible error by assessing 11 criminal history points for crimes committed when, according to Andrade, he was only 17 years of age, instead of over 18 as found by the district court. See U.S.S.G. § 4A1.2(d). In examining the sentence imposed, our court reviews the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's application of the sentencing guidelines *de novo;* its factual findings, only for clear error. *E.g.,* ***United States v. Howard***, 991 F.2d 195, 199 (5th Cir.), *cert. denied*, 510 U.S. 949 (1993).

The district court's reliance on Andrade's date of birth as stated in the presentence investigation report (PSR) is plausible in the light of the record as a whole, ***United States v. Huerta***, 182 F.3d 361, 364 (5th Cir. 1999); and Andrade has failed to show that the date of birth stated in the PSR was materially untrue. ***United States v. Vela***, 927 F.2d 197, 201 (5th Cir.), *cert. denied*, 502 U.S. 875 (1991). Therefore, the district court did not clearly err in relying on Andrade's date of birth as stated in the PSR.

Andrade further challenges his conviction on the ground that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326-(b)(1) and (2) are unconstitutional under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). Andrade acknowledges that this issue is foreclosed by ***Almendarez-Torres v. United States***, 523 U.S. 224 (1998); he presents it to preserve it for further review.

***AFFIRMED***