United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 03-40984
Summary Calendar

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LUIS ANTONIO ANDRADE, also known as Marco Guerraro-Perez,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(B-03-CR-117-1)**

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This court affirmed Luis Andrade's guilty-plea conviction for illegal re-entry subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b), and his 77-month sentence. *United States v. Andrade*, No. 03-40984, 2004 WL 1013369 (5th Cir. 6 May 2004). The Supreme Court granted Andrade's petition for writ of certiorari and for leave to proceed *in forma pauperis* (IFP); vacated our previous judgment; and remanded the case for further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration in the light of *United States v. Booker*, 543 U.S.
___, 125 S. Ct. 738 (2005). *Andrade v. United States*, 125 S. Ct.
1034 (2005). We requested, and received, supplemental briefs
addressing the impact of *Booker*. Having reconsidered our decision
pursuant to the Supreme Court's instructions, we reinstate our
judgment affirming the conviction and sentence.

For the first time in his petition for writ of certiorari,
Andrade challenged the constitutionality of his sentence, based on
the then-recent holding in *Blakely v. Washington*, 542 U.S. ____,
124 S. Ct. 2531 (2004), because he was sentenced based on facts
neither pleaded to, nor found by, a jury. Absent extraordinary
circumstances, we will not consider a defendant's *Booker*-related
claims presented for the first time in a petition for writ of
certiorari. *United States v. Taylor*, ___ F.3d ___, 2005 WL
1155245, at *1 (5th Cir. 17 May 2005).

Andrade has presented no evidence of extraordinary
circumstances. Even if such circumstances were not required,
because Andradeo did not raise his *Booker*-claims in district court,
any review would be only for plain error. *See United States v.*
*Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*,
(U.S. 31 Mar. 2005) (No. 04-9517). As Andrade concedes, his claims
would fail the third prong of plain-error review because he does
not show any error affected his substantial rights; he makes no
"showing that the error ... affected the outcome of the district

2

court proceedings". *Id.* at 521 (quotation omitted). (Along this line, Andrade contends: the district court committed "structural error" when it sentenced him under a mandatory guidelines system; and prejudice to his substantial rights should therefore be presumed. As he recognizes, however, our court has rejected this contention as inconsistent with *Mares*. *See* *United States v. Malveaux*, ___ F.3d ___, 2005 WL 827121, at *1 n.9 (5th Cir. 11 April 2005). He raises the *Booker*-issue only in order to preserve it for possible review by the Supreme Court.) In sum, because he fails plain-error review, Andrade falls far short of showing the requisite extraordinary circumstances.

*AFFIRMED*