# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2011

No. 10-50966
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARYL RAY MCNAIR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-130-1

Before DAVIS, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Daryl Ray McNair, Jr., appeals his conviction for distribution and receipt of child pornography and possession of a computer containing child pornography, in violation of 18 U.S.C. § 2252(a)(2), (a)(4)(B). His prosecution arose out of an investigation into a file-sharing network that led agents to McNair through a username associated with his internet protocol (IP) address. McNair's home was searched by FBI agents, during the course of which he made several admissions regarding his collection, downloading, and trading

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of child pornography via the file-sharing network. In addition, a computer forensics expert recovered thousands of images of child pornography from a computer and a thumb drive found in McNair's bedroom, and agents found hand-drawings of child pornography that McNair admitted making. McNair, now serving a total term of 240 months in prison, challenges the denial of a motion to suppress the statements he made during the interview at his home as well as the sufficiency of the evidence linking him to the child pornography. Finding no error as to either issue, we affirm.

With respect to the suppression motion, McNair contends that because he was in custody when he was interrogated, the admissions he made during the search of his home were subject to the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). Whether a suspect is in custody is an objective determination by the district court based on (1) the circumstances surrounding the interrogation, and (2) whether, given the circumstances, "a reasonable person [would] have felt he or she was at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). We review the court's determination of custody de novo, *see United States v. Paul*, 142 F.3d 836, 843 (5th Cir. 1998), viewing the evidence in the light most favorable to the prevailing party, in this case, the government, *see United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007).

Our review of the record satisfies us that McNair's interrogation was not custodial for purposes of *Miranda*. McNair was in his home when the detention occurred, and an agent testified that McNair was told he was free to leave. We have held that under such circumstances, a reasonable person does not suffer the restraints associated with an arrest. *United States v. Harrell*, 894 F.2d 120, 124-25 (5th Cir. 1990). Further, an agent testified that McNair was told that he was not under arrest and would not be arrested that day, which also weighs against a finding of custody. *See United States v. Howard*, 991 F.2d 195, 200 (5th Cir. 1993). In addition, agents told McNair that it was his decision whether

to talk to them, and McNair agreed to cooperate and signed a consent form that allowed agents to use his online identities and passwords.

Although the initial presence of numerous armed FBI agents wearing raid vests may have been intimidating, that alone is not enough. *See Howard*, 991 F.2d at 200. Further, the fact that McNair's interrogation lasted for almost two hours does not mean that the interrogation was per se custodial. *See Harrell*, 894 F.2d at 124 & n.1. In short, we find no error in the district court's determination that McNair was not in custody. *See United States v. Crawford*, 52 F.3d 1303, 1307-09 (5th Cir. 1995).

With respect to his sufficiency challenge, McNair contends that there was no direct or physical evidence linking him with the child pornography, and that someone else could have gained access to his computer. He also points to his trial testimony, in which he denied several of the admissions he had made to agents.

In reviewing the evidence for sufficiency, we determine whether, "viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003). Although the government asserts that McNair is subject to a more stringent standard because he raised different sufficiency grounds in the district court than he does on appeal, we need not resolve this question because the evidence was sufficient under the ordinary standard, which is "highly deferential to the verdict." *United States v. Redd*, 355 F.3d 866, 872 (5th Cir. 2003) (internal quotation marks and citation omitted).

McNair was the only person who lived at the residence. The username that had been used to trade child pornography via the file-sharing network was traced to McNair's IP address. A computer forensics expert recovered 3,866 images of child pornography and 39 videos of child pornography from McNair's computer hard drive, and 3,167 images of child pornography from the thumb

drive found in McNair's bedroom.  In addition, agents found hand-drawings of child pornography in the home.

McNair's contention that the pornography could have come from some outside source is speculative and unsupported by the evidence.  In fact, the FBI forensics expert testified that he found no evidence of any such unauthorized access.  Further, McNair gave detailed statements to agents admitting that he had saved images of child pornography on his computer and a thumb drive; that he distributed pornography via the file-sharing network; that the username in question was his; that a number of images that had been downloaded from his file-sharing account were his; and that he created the hand-drawings of child pornography found in the house.  Although at trial, McNair broadly denied the charges and denied having made specific admissions, he also admitted making several incriminating statements to the agents.

The jury is responsible for weighing the evidence and making credibility determinations.  *See United States v. Valdez*, 453 F.3d 252, 256 (5th Cir. 2006).  When the evidence in this case is viewed "in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction," a rational trier of fact could have found McNair guilty beyond a reasonable doubt.  *Redd*, 355 F.3d at 872.

AFFIRMED.